IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **AMERICAN RETAIL CORPORATION** | : | Case No. <u>1:17-cv-00109</u> |
| 2721 E. Sharon Road | | |
| Cincinnati, Ohio 45241 | : | <u>**COMPLAINT FOR DAMAGES AND**</u> |
| | | <u>**INJUNCTIVE RELIEF**</u> |
| **Plaintiff,** | : | |
| | | **(JURY DEMAND ENDORSED** |
| v. | : | **HEREON)** |
| | | |
| **WATSONS' BACKYARD LIVING LLC** | : | |
| 233 Belmonte Drive | | |
| Auburn, Alabama 36830 | : | |
| | | |
| Serve: | : | |
|    Mac Watson | | |
|    Watson's Backyard Living | : | |
|    1799 Ogletree Road | | |
|    Auburn, Alabama 36830 | : | |
| | | |
| **Defendant.** | : | |

For its Complaint against Defendant Watsons' Backyard Living LLC ("Backyard Living"), Plaintiff American Retail Corporation. ("American Retail") states and avers as follows:

1. American Retail is a corporation organized and existing under the laws of the state of Ohio whose principal place of business is in Cincinnati, Ohio and who transacts business throughout the Midwest in its owner-operated stores and franchised stores and nation-wide through its interactive website.

2. Backyard Living is a limited liability corporation organized and existing under the laws of the State of Alabama whose principal place of business is in Auburn, Alabama and who transacts business throughout the United States through an interactive website. Backyard Living's offering for sale and sale of products in direct competition with American Retail has had contact with the State of Ohio and caused injury to American Retail.

3. American Retail is expecting to expand its business into the southeastern United States with either owner-operated stores and/or franchised stores and as a result will be directly competing with Backyard Living for the same consumers and customers

4. The Court has jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over American Retail's state law claim pursuant to 28 U.S.C. §1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

6. American Retail has been engaged in the sale and delivery of swimming pools and accessories, outdoor entertaining accessories, casual indoor and outdoor furniture, clocks, exercise equipment, cabinets for storing wine and spirits, jungle gyms, chairs, home theatre seating equipment, and entertainment equipment such as slot machines, poker chips, arcade games and foosball tables (collectively "indoor and outdoor entertainment") under the trademark and trade name of "Watson's®."

7. American Retail currently has a valid, subsisting, uncancelled and incontestable trademark. The United States Patent and Trademark Office has granted Registration No. 3546349 for its trademark. A copy of the certificate of registration is attached hereto as Exhibit A and incorporated herein by reference.

8. American Retail has invested money in advertising and otherwise promoting the sale of and delivery of indoor and outdoor entertainment under its trade name and trademark.

9. American Retail's trade name and trademark are one of the primary means by which its products and services are identified as having been produced and sold by American Retail.

10. American Retail has built up and has valuable good will connected with its business and this good will is symbolized in its trade name and trademark. The tradename and trademark has developed marketplace recognition for the source of indoor and outdoor entertainment.

## COUNT I

11. American Retail incorporates by reference each and every allegation set forth in paragraphs 1 through 9 of its Complaint.

12. After American Retail's adoption and use of its trademark, and after the trademark have been registered in the United States Patent and Trademark Office, Backyard Living adopted a company name and began advertising using the phrase "Watsons' Backyard Living."

13. Backyard Living has advertised and sold indoor and outdoor entertainment furniture and equipment using an imitation or a derivative of the trademark and/or trade name "Watsons'". Backyard Living is selling products directly in competition with American Retail.

14. Backyard Living has neither sought nor obtained American Retail's permission to use its trade name or trademark or any derivative or imitation in connection with its business.

15. On November 22, 2016, counsel for American Retail requested Backyard Living voluntarily terminate its use of the term "Watsons'" or any other derivative thereof, because such use caused confusion, mistake and deception to customers of American Retail. A copy of the letter attached hereto as Exhibit B and incorporated herein by reference.

16. Backyard Living refused to modify, adjust or otherwise change its name or its advertising. Backyard Living's use of the term "Watsons'" or any derivative of or imitation of the American Retail trade name and/or trademark in advertising, promotion, sale and delivery of indoor and outdoor entertaining furniture and equipment is likely to deceive and cause confusion

3

to purchasers as to the source of Backyard Living's goods because the trade and the public are likely to believe that the goods sold by Backyard Living originate with American Retail or with the business that has a legitimate connection with American Retail.

17. On December 19, 2016, counsel for American Retail again requested that Backyard Living voluntarily terminate its use of the term "Watsons'" or any other derivative thereof, and even suggested compromise. A copy of the letter is attached hereto as Exhibit C and incorporated herein by reference. Backyard Living did not respond to the letter.

18. Backyard Living's use of any imitation of or derivative of American Retail's trade name or trademark in connection with the sale and delivery, offering for sale or delivery and advertising of indoor and outdoor entertainment furniture and equipment is likely to cause confusion or mistake to purchasers as to the source of origin or sponsorship or endorsement of such goods, or wrongly lead them to conclude that some connection exists between American Retail and Backyard Living.

19. Backyard Living's use of the derivative of or imitation of American Retail's trade name and/or trademark constitutes an infringement of the trademark.

20. Backyard Living's infringement of the trademark is causing irreparable injury and damages to American Retail's trade, business reputation and goodwill.

21. Backyard Living's infringement of the American Retail trademark will continue to cause irreparable injury, damage and expense to American Retail unless Backyard Living is restrained by order of this Court from further infringement of its trademark.

22. American Retail is without adequate remedy at law because of the continuing nature of the infringement.

4

## COUNT II

23. American Retail incorporates by reference each and every allegation set forth in paragraphs 1 through 21 of its Complaint.

24. This cause of action arises under 15 U.S.C. §1125(a).

25. Backyard Living is not affiliated with, licensed by, or connected in any way to American Retail.

26. Backyard Living's use of the term "Watsons'" or any derivative or imitation thereof in connection with the sale and delivery, offering for sale or delivery and advertising of the sale and delivery of its indoor and outdoor entertaining furniture and equipment tends to represent or designate falsely that Backyard Living's sale of its goods and services is licensed by, sponsored by, approved of and/or otherwise affiliated with American Retail.

27. Backyard Living's use of the term "Watsons'" or any derivative or imitation thereof is likely to cause confusion or mistake or to deceive the trade or public as to the affiliation, connection, or association of Backyard Living with American Retail or as to the origin, sponsorship or approval of Backyard Living's goods or services by American Retail in violation of 15 U.S.C. §1125(a).

28. Backyard Living's use of the term "Watsons'" or any derivative or imitation thereof in violation of 15 U.S.C. §1125(a) has damaged American Retail and is likely to continue to damage American Retail in an amount in excess of $100,000.

## COUNT III

29. American Retail incorporates by reference each and every allegation set forth in paragraphs 1 through 27 of its Complaint.

30. This cause of action arises under and is based upon the laws of the State of Ohio for trademark infringement, unfair competition, misappropriation and deceptive acts and practices.

31. American Retail has been and is now the sole owner and proprietor of all right, title, and interest in the trade name and trademark "Watson's®" which are widely and favorably known to customers as designating indoor and outdoor entertainment furniture and equipment.

32. By reason of Backyard Living's advertisement, sale, offering for sale and distribution of identical good and services by imitating and/or infringing American Retail's trade name and trademark, Backyard Living will likely cause confusion or mistake as to the source, origin, or sponsorship of its goods and/or services, which constitutes infringement of the American Retail trademark and trade name and the taking of American Retail's rights in violation of common law trademark principles.

33. By reason of its imitation of the "Watsons'" trademark and trade name, Backyard Living is unfairly competing with American Retail, creating confusion with its goods, trading on the goodwill of American Retail's trademark and trade name, diluting the same and unfairly creating the false appearance that the owner of the trademark and trade name has endorsed, sponsored, or is connected with Backyard Living's goods to the discredit of American Retail and in violation of American Retail's rights under the law of the state of Ohio.

34. Backyard Living's trademark infringement, unfair methods of competition, misappropriation, and deceptive acts and practices contrary to law, unless restrained, will continue to cause substantial and irreparable damage to American Retail.

WHEREFORE, American Retail prays that:

1. Backyard Living, its agents, servants and employees, and anyone acting for or on

behalf of Backyard Living, be enjoined from using the "Watsons'®" trademark and/or imitation or derivative thereof;

2. Backyard Living be required pursuant to 15 U.S.C. §1117, to account to American Retail for all profits realized by it as a result of the above-described trademark infringement;

3. American Retail receive from Backyard Living all damages sustained as a result of the infringement by Backyard Living of the American Retail trademark as provided by 15 U.S.C. §1117;

4. American Retail recover from Backyard Living its attorneys' fees and the cost of this action; and

5. American Retail be granted such other legal and equitable relief to which it may be entitled.

/s/ James F. McCarthy, III
James F. McCarthy, III (0002245)
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202
513.721.4532
513.762.0006 (facsimile)
jmccarthy@katzteller.com

## JURY DEMAND

American Retail demands trial by jury for all issues to which it is entitled.

/s/ James F. McCarthy, III
James F. McCarthy, III

KTBH: 4853-2624-5953, v. 1

# EXHIBIT A

The Trademark organization is beta testing a next generation examination system. As a result, there may be instances where Office actions have unexpected formatting or spacing issues. The Office is working on improvements to resolve these issues and appreciates your patience. Please contact us at **TMFeedback** if you have comments or issues with the appearance of a particular Office action or its attachments.

| STATUS | DOCUMENTS | | **Back to Search** | Print |

**Generated on:** This page was generated by TSDR on 2016-12-28 15:54:05 EST

**Mark:** WATSON'S

# WATSON'S

**US Serial Number:** 77445768

**Application Filing Date:** Apr. 11, 2(

**US Registration Number:** 3546349

**Registration Date:** Dec. 16, 2

**Register:** Principal

**Mark Type:** Service Mark

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered w

**Status:** A Sections 8 and 15 combined declaration has been accepted and acknowledged.

**Status Date:** Mar. 05, 2014

**Publication Date:** Sep. 30, 2008

## Mark Information

**Mark Literal Elements:** WATSON'S

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Acquired Distinctiveness Claim:** In whole

## Related Properties Information

**Claimed Ownership of US Registrations:** 1793079

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Retail store services and on-line retail store services featuring swimming pools and accessories accessories therefor, fireplaces, fireplace inserts, woodburning stoves, gas logs, pool tables and systems, ] gas grills, outdoor kitchens, casual indoor and outdoor furniture, pergolas, gazebos, [ basketball goals and backboards, ] clocks, [ exercise equipment, namely, treadmills, stationary gym equipment, ] cabinets for storing wine and spirits, jungle gyms, chairs, home theater seating equipment, namely, slot machines and poker chips, dart boards, arcade games, foosball tables, tables

**International Class(es):** 035 - Primary Class  **U.S Class(es):** 100, 101,
**Class Status:** ACTIVE
**Basis:** 1(a)
**First Use:** Dec. 1978  **Use in Commerce:** Dec. 1978

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

**Owner Name:** American Retail Corporation
**Owner Address:** 2721 E. Sharon Road
Cincinnati, OHIO UNITED STATES 45241
**Legal Entity Type:** CORPORATION  **State or Country Where Organized:** OHIO

## Attorney/Correspondence Information

**Attorney of Record**
**Attorney Name:** Kathryn E. Smith, Esq.  **Docket Number:** ARCOR-0
**Attorney Primary Email Address:** ksmith@whe-law.com  **Attorney Email Authorized:** Yes

**Correspondent**
**Correspondent Name/Address:** Kathryn E. Smith, Esq.
Wood Herron & Evans LLP
441 VINE STREET

2700 CAREW TOWER
CINCINNATI, OHIO UNITED STATES 45202

**Phone:** 5132412324          **Fax:** 51324162

**Correspondent e-mail:** ksmith@whe-law.com sdaczko@whe-law.com    **Correspondent e-mail Authorized:** Yes
usptodock@whe-law.com

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 05, 2014 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Mar. 05, 2014 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 69471 |
| Feb. 14, 2014 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED | 69471 |
| Mar. 05, 2014 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 69471 |
| Feb. 14, 2014 | TEAS SECTION 8 & 15 RECEIVED | |
| Dec. 16, 2008 | REGISTERED-PRINCIPAL REGISTER | |
| Sep. 30, 2008 | PUBLISHED FOR OPPOSITION | |
| Sep. 10, 2008 | NOTICE OF PUBLICATION | |
| Aug. 27, 2008 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 59272 |
| Aug. 27, 2008 | ASSIGNED TO LIE | 59272 |
| Aug. 19, 2008 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Aug. 15, 2008 | TEAS/EMAIL CORRESPONDENCE ENTERED | 88889 |
| Aug. 15, 2008 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 88889 |
| Aug. 15, 2008 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jul. 29, 2008 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Jul. 29, 2008 | NON-FINAL ACTION E-MAILED | 6325 |
| Jul. 29, 2008 | NON-FINAL ACTION WRITTEN | 85331 |
| Jul. 25, 2008 | ASSIGNED TO EXAMINER | 85331 |
| Apr. 15, 2008 | NEW APPLICATION ENTERED IN TRAM | |

# EXHIBIT B

# KATZ TELLER

James F. McCarthy, III • Phone: (513) 977-3406 • Fax: (513) 762-0006 • jmccarthy@katzteller.com

November 22, 2016

**Certified Article Number**
9414 7266 9904 2035 4575 71
**SENDERS RECORD**

**Certified Mail/Return Receipt Requested**
Mr. Art Watson
Mr. Mac Watson
Watson's Backyard Living
1799 Ogletree Road
Auburn, AL 36830

Re: Infringement of Watson's<sup>R</sup> " Service Mark

Dear Messrs. Watson:

In a letter dated November 1, 2016, I wrote on behalf of American Retail Corporation ("American"), the registered owner of the valid service mark "WATSON'S®." The service mark has been registered with the United States Patent and Trademark office and has been continuously used in interstate commerce.

On behalf of American, we demanded that you and your company immediately cease the use of the term "Watson's" in any company name or slogan in connection with your company and any advertisement and sale of any substantially similar products to that offered by American, including all verbal or written forms of advertising and marketing and written and verbal representations to prospective national customers. Specifically, with respect to your company name and any advertisement of any products and services offered by your company, we demanded that you cease any future advertisement containing the term "Watson" or any derivative thereof.

We have not received a response to our letter of November 1, 2016. Please be advised that American is prepared to take action if necessary to protect its valid service mark. Please advise us no later than December 1, 2016 whether you and your company intend to abide by our demand.

Sincerely,

James F. McCarthy, III

JFM:chh

KTBH: 4849-8047-6219, v. 1



Katz Teller Brant & Hild, A Legal Professional Association
255 East Fifth Street, Suite 2400, Cincinnati, OH 45202-4724
Phone: (513) 721-4532 • katzteller.com

# EXHIBIT C

# KATZ TELLER

James F. McCarthy, III • Phone: (513) 977-3406 • Fax: (513) 762-0006 • jmccarthy@katzteller.com

**Certified Article Number**

9414 7266 9904 2060 6672 42

**SENDERS RECORD**

December 19, 2016

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Art Watson
Mac Watson
Watson's Backyard Living
1799 Ogletree Road
Auburn, AL 36830

      RE:    *Infringement of "Watson's®" Service Mark*

Dear Messrs Watson:

    I have forwarded your letter to American Retail Corporation ("American"), the registered owner of the valid service mark "Watson's®." I will address your two contentions seriatim.

    You acknowledge that you are using the name Watsons' Backyard Living as a "brand name." In other words, you are using this term as a service mark to designate the source for the products that your company offers for sale. Therefore, you are using this name as a service mark for substantially similar products to that offered by American. While your service mark does contain the words "Backyard Living," your service mark clearly suggests the endorsement of and/or the relationship with American. Therefore, your service mark presents the likelihood of confusion and/or misrepresentation as to the source of the products that you offer.

    While your surname may indeed be "Watson," you are using your surname in a way which is likely to confuse which cannot be tolerated. However, American is willing to offer a compromise. American suggests that you adopt a new trade name: "The Watson Family Backyard Living." The adoption of that trade name would clearly suggest that the Watson family is offering the products and not attempting to trade on the good will of American.



Katz Teller Brant & Hild, A Legal Professional Association
255 East Fifth Street, Suite 2400, Cincinnati, OH 45202-4724
Phone: (513) 721-4532 • katzteller.com

Art Watson
December 19, 2016
Page 2

      Please be advised that American is prepared to take action if necessary to protect its valid service mark. Please advise us no later than January 2, 2017 whether you and your company intend to accept our offer.

Sincerely,

James F. McCarthy, III

JFM:dah
KTBH: 4833-7961-7854, v. 1